## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BACKHAUL AND TRACK LOGISTICS, INC., DOING BUSINESS AS BAT LOGISTICS**<br>20 Arena Way, STE 2<br>Council Bluffs, Iowa 51501 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. |
| **BAT LOGISTICS, LLC**<br>2500 N. 72nd Ct., Unit 2E<br>Elmwood Park, Illinois 60707, | ) ) ) ) ) | JUDGE:<br><br>**JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

For its complaint against defendant BAT Logistics, LLC ("Defendant" or "Defendant BAT Logistics"), Plaintiff Backhaul and Track Logistics, Inc., doing business as **BAT LOGISTICS®** ("Plaintiff" or "Plaintiff BAT Logistics"), alleges as follows:

## THE PARTIES

1.      Plaintiff BAT Logistics is a corporation organized and existing under the laws of the State of Ohio with its principal place of business at 20 Arena Way, STE 2, Council Bluffs, Iowa 51501.

2.      On information and belief, Defendant BAT Logistics is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business at 2500 N. 72nd Street, Unit 2E, Elmwood Park, Illinois 60707.

## JURISDICTION AND VENUE

3.      This is an action for:  federal trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); federal unfair competition under § 43(a) of the Lanham Act (using a

- 1 -

false designation of origin or false or misleading description of fact under 15 U.S.C. § 1125(a)(1)(A); a violation of the Anticybersquatting Consumer Protection Act under § 43(d), 15 U.S.C. § 1125(d); violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.; and unfair competition under Illinois common law.

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367(a).

5.      This Court has personal jurisdiction over Defendant because it is an Illinois limited liability company and transacts business in Illinois, derives substantial revenue from services rendered in this state and has caused injury to Plaintiff by acts in this state and/or acts outside this state.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2).

## BACKGROUND

7.      Plaintiff BAT Logistics is an established and known provider of freight and transport brokerage services throughout the country.

8.      Plaintiff BAT Logistics has invested and continues to invest substantial sums of money, as well as time, effort, and creative talent, to advertise, promote, and sell its freight and transport brokerage services under the **BAT LOGISTICS®** mark.

9.      Plaintiff BAT Logistics is the owner of U.S. Trademark Registration No. 3,661,664 (the "BAT Logistics Registration") for **BAT LOGISTICS®** for use in connection with freight and transport brokerage in International Class 39.  The BAT Logistics Registration validly issued to Plaintiff more than 13 years ago, on July 28, 2009, and is based on a first use in interstate commerce in January 2008.  A true and correct copy of the BAT Logistics Registration is attached hereto as **Exhibit A**.  The **BAT LOGISTICS®** trademark has been continuously used for over 14 years in interstate commerce in connection with freight and transport brokerage services provided

by Plaintiff and is now incontestable under 15 U.S.C. 1065(b), *i.e.*, it is conclusive evidence of Plaintiff's ownership of the trademark, the validity of the trademark and the registration, and of Plaintiff's *exclusive* right to use the trademark in commerce on or in connection with freight and transport brokerage services under 15 U.S.C. § 1115(b). A true and correct copy of the United States Patent and Trademark Office's record of the **BAT LOGISTICS®** trademark showing its incontestable status is attached hereto as **Exhibit B**.

10.     Plaintiff BAT Logistics has spent hundreds of thousands, if not millions, of dollars advertising and promoting freight and transport brokerage services identified by the **BAT LOGISTICS®** trademark.

11.     As a direct result of the considerable time, effort, money, advertising and promotion of the **BAT LOGISTICS®** trademark and its widespread and extensive use by Plaintiff BAT Logistics as a result of the provision of freight and transport brokerage services under this trademark, the **BAT LOGISTICS®** trademark has become widely and favorably known throughout the United States. The **BAT LOGISTICS®** trademark has come to serve as a unique identifier of freight and transport brokerage services associated with Plaintiff BAT Logistics.

12.     As a direct result of the considerable time, effort, money, advertising and promotion of the **BAT LOGISTICS®** trademark and its widespread and extensive use as a result of sales of freight and transport brokerage services thereunder, Plaintiff BAT Logistics enjoys a substantial amount of goodwill associated with the **BAT LOGISTICS®** trademark.

13.     Plaintiff only recently learned that Defendant had formed a "BAT Logistics"-named limited liability company on or about March 8, 2022. On information and belief, Defendant has provided services associated with freight and transport brokerage under the BAT LOGISTICS

designation in direct violation of Plaintiff's trademark rights before and after Defendant's formation.

14.     On February 24, 2022, Defendant registered at least one website prominently using the designation BAT LOGISTICS for logistics services.   This website is located at <batlogisticsllc.com> (the "First Illicit BAT Logistics Website").  A true and correct copy of the WHOIS result for this website, as of September 23, 2022, is attached as **Exhibit C**.   True and correct copies of the pages associated with this website, as of September 8, 2022, are attached as **Exhibit D**.  A true and correct copy of Mr. Hoebel's LinkedIn page announcing his new BAT LOGISTICS website is attached as **Exhibit E**.

15.     On September 8, 2022, Plaintiff BAT Logistics, through its outside counsel, sent Mr. Brad Hoebel, Defendant's representative, a cease and desist letter by e-mail, notifying Mr. Hoebel of Plaintiff's prior and longstanding use of **BAT LOGISTICS®** for logistics services, as well as notifying Mr. Hoebel of the BAT Logistics Registration.  A true and correct copy of this letter is attached hereto as **Exhibit F**.  In pertinent part, the letter stated:  "Frankly, it is inconceivable that you could secure a domain name using the BAT LOGISTICS term or have conducted even a modicum of due diligence in the logistics space without encountering our client's well known **BAT LOGISTICS®** trademark.  We can only conclude that your infringement was purposeful."

16.     However, instead of ceasing and desisting any use of BAT LOGISTICS (as Defendant should have done), on September 8, 2022, the very day that Defendant received Plaintiff's cease and desist letter by e-mail, Defendant and/or Mr. Hoebel registered *another* BAT LOGISTICS website located at <batspeedlogisticsllc.com> (the "Second Illicit BAT Logistics

Website"). A true and correct copy of the WHOIS result for this website, as of September 23, 2022, is attached as **Exhibit G**.

17. Attached as **Exhibit H** are true and correct pages from Defendant's Second Illicit Bat Logistics Website. As can be seen when comparing **Exhibit D** (depicting Defendant's First Illicit BAT Logistics Website) and **Exhibit H** (depicting Defendant's Second Illicit BAT Logistics Website), Defendant prominently features the "BAT LOGISTICS" mark on both iterations of his website, with the term "speed" on the Second Illicit BAT Logistics Website being significantly smaller in font far less prominent placing on Defendant's logo.

18. Defendant's or Mr. Hoebel's addition of the word "speed" within the BAT LOGISTICS mark does not alleviate the likelihood of confusion that exists between Defendant's BATSPEED LOGISTICS (or BAT SPEED LOGISTICS) designation and Plaintiff's longstanding and registered **BAT LOGISTICS®** trademark for the same logistics services.

19. On September 13, 2022, Plaintiff's counsel sent its first cease and desist letter by e-mail to Mr. Hoebel again but this time Plaintiff also sent the letter by overnight courier to Defendant's Elmwood Park, Illinois address. Plaintiff's counsel demanded a response date by September 20, 2022. Neither Defendant nor Mr. Hoebel ever responded. A true and correct copy of the September 13, 2022 letter is attached hereto as **Exhibit I**.

20. Instead, Defendant continued its illicit activities. The website <carrier411.com> is an industry online platform that allows Plaintiff BAT Logistics to check the qualifications of a carrier without having to go to multiple websites. In addition, this website is a place where people in the logistics industry share experiences and review companies. As of today's filing date, Defendant BAT Logistics continues to use the BAT LOGISTICS name on the <carrier411.com> platform.

21.     Moreover, Defendant's use of the infringing BAT LOGISTICS mark has resulted in actual consumer confusion.

22.     Plaintiff Bat Logistics recently received paperwork for three loads that *Defendant* BAT Logistics booked.  In other words, the likelihood of confusion is not hypothetical—actual consumer confusion has already ensued.

23.     Plaintiff BAT Logistics also received two angry telephone calls from carrier/factoring companies looking for payments from *Plaintiff* BAT Logistics regarding loads for *Defendant* BAT Logistics; *Defendant's* payments are apparently now past due.  In other words, these carrier/factoring companies are confused and believe that *Plaintiff* BAT Logistics owes them money when the reality is that *Defendant* BAT Logistics owes them the money; these are some of the actual incidents of confusion proximately caused by Defendant's illicit acts and wrongful use of Plaintiff's trademark.

24.     Defendant's addition of the term "speed" in Defendant's Second Illicit BAT Logistics Website has not alleviated or mitigated any of the consumer confusion, as actual consumer confusion continues to ensue.

25.     Defendant continues to operate as BAT Logistics. For example, Defendant is registered with the Federal Motor Carrier Safety Administration as "Bat Logistics LLC." A similar search for entities doing business in Illinois as "BATSPEED LOGISTICS LLC" or "BAT SPEED LOGISTICS LLC" and other iterations using the word "speed" returns a result of "No record found" on the same site. A true and correct copy of the query results for "Bat Logistics LLC" on the U.S. Department of Transportation Federal Motor Carrier Safety Administration Licensing and Insurance portal, as of September 26, 2022, is attached as **Exhibit J**.

26.     Plaintiff's reputation now suffers because Defendant BAT Logistics is operating as BAT LOGISTICS.

27.     Actual incidents of confusion like these will continue unless Defendant is stopped.

28.     Defendant's above-described actions have been malicious and purposeful, and have been signed with intent to financially hurt Plaintiff and disrupt its business, and they have had that effect.

<u>**COUNT I**</u>
<u>**FEDERAL TRADEMARK INFRINGEMENT**</u>

29.     Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 28 of this Complaint as if fully rewritten herein.

30.     Defendant's use of the **BAT LOGISTICS®** trademark in interstate commerce, whether in the form of BAT LOGISTICS or in the form of BATSPEED LOGISTICS (or BAT SPEED LOGISTICS) constitutes infringement of the **BAT LOGISTICS®** trademark, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

31.     On information and belief, Defendant's acts of infringement are and have been deliberate, intentional and willful and have been committed with full knowledge of Plaintiff's rights in the **BAT LOGISTICS ®** trademark for freight and transport brokerage services.

32.     Plaintiff has been and will continue to be injured as a result of the foregoing acts, either by direct diversion of business from Plaintiff's **BAT LOGISTICS®**-branded services or by lessening of the goodwill that the **BAT LOGISTICS®** trademark enjoys with the buying public.

33.     Defendant, by its aforesaid acts, has damaged Plaintiff and unlawfully derived profits and gains.

34.     By reason of the aforesaid unlawful acts of infringement, Defendant has caused and will continue to cause substantial and irreparable harm to Plaintiff and to the public, for which

there is no adequate remedy at law. Defendant has unjustifiably benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION

35.     Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 34 of this Complaint as if fully rewritten herein.

36.     Defendant's publication of the First Illicit BAT Logistics Website and the Second Illicit BAT Logistics Website, disseminated in interstate commerce, are false designations of origin or false or misleading descriptions of fact likely to cause confusion, or to cause mistake, or to deceive (a) as to the affiliation, connection, or association of Plaintiff with Defendant, or vice versa, or (b) as to the origin, sponsorship, or approval of Defendant's services by Plaintiff, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37.     By using BAT LOGISTICS, BAT SPEED LOGISTICS, or BATSPEED LOGISTICS, Defendant caused a false and misleading communication to enter into interstate commerce likely to cause confusion, or to cause mistake, or to deceive (a) as to the affiliation, connection, or association of Defendant with Plaintiff, or (b) as to the origin, sponsorship, or approval of Defendant's services by Plaintiff, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

38.     On information and belief, Defendant's false designation of origin, or false or misleading description of fact has been willful and has deceived, and is likely to continue to deceive, a substantial portion of the intended market for Plaintiff's logistics services.

39.     Defendant's deception is material in that it is likely to influence purchasing decisions.

40.     Plaintiff has been injured and will continue to be injured as a result of the foregoing acts by declining sales for Plaintiff's services and a lessening of the goodwill that **BAT LOGISTICS®** has with the buying public.

41.     Defendant, by its aforesaid acts, has damaged Plaintiff and unlawfully derived profits and gains therefrom.

42.     By reason of the aforesaid unlawful false or misleading statements, Defendant has caused and will continue to cause substantial and irreparable harm to Plaintiff and to the public for which there is no adequate remedy at law.  Defendant has unjustifiably benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

**COUNT III**
**VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT**

43.     Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 42 of this Complaint as if fully rewritten herein.

44.     The **BAT LOGISTICS®** trademark is inherently distinctive and/or has acquired secondary meaning.  The public associates the **BAT LOGISTICS®** trademark exclusively with Plaintiff BAT Logistics.

45.     The **BAT LOGISTICS®** trademark was distinctive on February 24, 2022 when Defendant registered the domain associated with the First Illicit BAT Logistics website: <batlogisticsllc.com>.

46.     The **BAT LOGISTICS®** trademark was distinctive on September 8, 2022 when Defendant registered the domain associated with the Second Illicit BAT Logistics website: <batspeedlogisticsllc.com>.

47. Defendant, with a bad faith intent to profit within the meaning of 15 U.S.C. § 1125(d)(1)(B), used the <batlogisticsllc.com> domain name and the <batspeedlogisticsllc.com> domain name, domain names that contain Plaintiff's **BAT LOGISTICS®** trademark in its entirety, for illicit purposes in violation of 15 U.S.C. § 1125(d)(1)(A).

48. Plaintiff has been injured and will continue to be injured as a result of Defendant's unlawful cybersquatting by use of the <batlogisticsllc.com> domain name and the <batspeedlogisticsllc.com> domain name.

49. Defendant has never been authorized by Plaintiff to use the <batlogisticsllc.com> domain name and/or the <batspeedlogisticsllc.com> domain name.

50. As a result of Defendant's aforesaid acts, Defendant has damaged Plaintiff and unlawfully derived profits and gains from its unlawful cybersquatting.

51. By reason of the aforesaid unlawful acts of cybersquatting, Defendant has caused and will continue to cause substantial and irreparable harm to Plaintiff and to the public, for which there is no adequate remedy at law. Defendant has unjustifiably benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT IV
## VIOLATIONS OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT

52. Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 51 of this Complaint as if fully rewritten herein.

53. Defendant's activities constitute unfair or deceptive trade practices or acts within the meaning of the Illinois Deceptive Trade Practices Act (the "IDTPA"), codified at 815 ILCS 510/1 *et seq.*

54.     Defendant has caused a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with Plaintiff in violation of 815 ILCS 501/2(a)(3).

55.     Defendant has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of services in violation of 815 ILCS 510/2(a)(2).

56.     Defendant has represented that its services have the sponsorship of Plaintiff, approval of Plaintiff, or the affiliation or connection with Plaintiff that Defendant does not have in violation of 815 ILCS 2(a)(5).

57.     Defendant has engaged in conduct which creates a likelihood of confusion or misunderstanding in violation of 815 ILCS 2(a)(12).

58.     Plaintiff has been injured as a result of Defendant's unlawful and unauthorized deceptive trade practices by lessening of the goodwill that Plaintiff's services have with the buying public.

59.     As a result of Defendant's unlawful and unauthorized deceptive trade practices, Defendant has caused and will continue to cause substantial and irreparable harm to Plaintiff and to the public for which there is no adequate remedy at law.  Defendant unjustifiably benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT V
## UNFAIR COMPETITION UNDER ILLINOIS LAW

60.     Plaintiff incorporates by reference all of the facts stated in Paragraphs 1 through 59 of this Complaint as if fully rewritten herein.

61.     The aforesaid conduct of Defendant constitutes unfair competition under the common law of the State of Illinois.

62.    On information and belief, Defendant's acts of unfair competition have been willful.

63.    Plaintiff has been injured as a result of the foregoing acts by causing Plaintiff to lose sales or by lessening of the goodwill that Plaintiff enjoys with the buying public.

64.    As a result of Defendant's acts of unfair competition, Defendant has caused and will continue to cause substantial and irreparable harm to Plaintiff and to the public for which there is no adequate remedy at law. Defendant has unjustifiably benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment in its favor as follows:

(a)    That Defendant be adjudged to have willfully infringed Plaintiff's federal trademark rights in the **BAT LOGISTICS®** mark conveyed by U.S. Trademark Registration No. 3,661,664, in violation of Lanham Act § 32(1), 15 U.S.C. § 1114(1);

(b)    That Defendant be adjudged to have willfully infringed the **BAT LOGISTICS®** trademark, with full knowledge of Plaintiff's rights in the **BAT LOGISTICS®** trademark;

(c)    That Defendant be adjudged to have used a false designation of origin, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A);

(d)    That Defendant be adjudged to have, with bad faith, used two domain names that contain Plaintiff's **BAT LOGISTICS®** trademark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(B);

(e)     That Defendant be adjudged to have committed deceptive trade practices under 815 ILCS 510/1 *et seq.* of the IDTPA  and to have committed these deceptive trade practices willfully and with knowledge that they would be deceptive;

(f)     That Defendant be adjudged to have engaged in unfair competition under Illinois law;

(g)     That, pursuant to 15 U.S.C. § 1116 and 815 ILCS510/3, the Court preliminarily and permanently enjoin Defendant, its agents, employees, attorneys and all persons in active concert or participation with them, from directly or indirectly using the **BAT LOGISTICS®** trademark or any other mark, trade name, word or name similar to the **BAT LOGISTICS®** trademark that is likely to cause confusion, mistake, or to deceive, including without limitation by further operating any business under "BAT LOGISTICS" or "BATSPEED LOGISTICS" or "BAT SPEED LOGISTICS";

(h)     That Defendant be required, pursuant to 15 U.S.C. § 1118, to deliver up and destroy all packaging, labels, signs, brochures, advertisements, promotional items, and any other media, documents or things in the possession, custody, or control of Defendant bearing the **BAT LOGISTICS®** trademark (or any confusingly similar mark), and all means of making same;

(i)     That Defendant be required, pursuant to 17 U.S.C. § 1125(d)(1)(C), to transfer over to Plaintiff the <batlogisticsllc.com> domain name and the <batspeedlogisticsllc.com> domain name and any other domain names containing or confusingly similar to the **BAT LOGISTICS®** trademark;

(j)     That Defendant be required, pursuant to 15 U.S.C. § 1117(a), to pay Plaintiff all damages sustained by it by reason of said acts of cybersquatting in violation of Lanham

Act § 43(d)(1), 15 U.S.C. § 1125(d)(1); alternatively, pursuant to 15 U.S.C. § 1117(d), for maximum statutory damages in the amount of $100,000;

        (k)     That Defendant be required, pursuant to 15 U.S.C. § 1117(a), to pay Plaintiff the actual damages it has suffered as a result of Defendant's trademark infringement and deceptive practices and disgorge any profits therefrom, and that Defendant be required, pursuant to 15 U.S.C. § 1117(b), to pay Plaintiff three times the amount of actual damages or profits suffered by them by virtue of the willful nature of Defendant's illegal acts;

        (l)     That Defendant be required to change the name of its limited liability company in Illinois so that it makes no reference to the "BAT Logistics" term;

        (m)     That, pursuant to 815 ILCS 510/3, the Court award Plaintiff its attorneys' fees by virtue of Defendant's willful engagement in a deceptive trade practice listed in 815 ILCS 510/1 *et seq.* knowing it to be deceptive, or alternatively, pursuant to 15 U.S.C. § 1117(a), that the Court declare this an exceptional case and award Plaintiffits reasonable attorneys' fees;

        (n)     That, pursuant to 15 U.S.C. § 1117(a), the Court award the full costs of this action and interest to Plaintiff; and

        (o)     That the Court grant such other and further relief as is just and proper.

Dated:  September 26, 2022

                                  Respectfully submitted,

                                     */s/ Simeon G. Papacostas*

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

Simeon G. Papacostas (IL Bar No. 6319954)          Mark E. Avsec (Ohio Bar No. 0064472)
71 South Wacker Drive, Suite 1600                  Eric L. Zalud (Ohio Bar No. 0038959)
Chicago, Illinois 60606                            200 Public Square
Telephone: (312) 212-4949                          Suite 2300
Facsimile: (312) 767-9192                          Cleveland, Ohio 44114-2378
E-Mail: spapacostas@beneschlaw.com                 Telephone: (216) 363-4500
                                                   Facsimile: (216) 363-4588
                                                   E-Mail: mavsec@beneschlaw.com
                                                           ezalud@beneschlaw.com

## **JURY DEMAND**

Plaintiff Backhaul and Track Logistics, Inc., doing business as BAT Logistics demands a jury trial pursuant to Fed. R. Civ. P. 38 as to all issues so triable in this action.

      */s/ Simeon G. Papacostas*
Simeon G. Papacostas

*One of the Attorneys for Plaintiff Backhaul and Track Logistics, Inc., doing business as BAT Logistics.*